UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

Maurice Scott,

                                Plaintiff,

                 -against-

The City of New York, Police Commissioner Martin F.
Horn; Chief of Department Carolyn Thomas; Deputy
Commissioner Richard R. White; Captain Mark Daniels,
Shield #522, Office Lawrence Bradford, Shield # 14610;
Officer Bruce Boyd, Shield #14356; Officer Anthony
Turner, Shield # 4899; Officer Jeffrey Redondo, Shield
#16094; Officers John/Jane Does#1-5,

                          Defendants.
---------------------------------------------------------------- X

**ANSWER TO COMPLAINT**

JURY TRIAL DEMANDED

07 CV 3691 (GBD)

        Defendants the City of New York, Martin F. Horn, Carolyn Thomas, Richard R. White,

Mark Daniels, Lawrence Bradford, Bruce Boyd and Jeffrey Redondo by their attorney, Michael A.

Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully

allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that

plaintiff purport to bring this action as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that

plaintiff purport to bring this action as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that

plaintiff purport to invoke this Court's jurisdiction as stated therein.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that

plaintiff purport that venue is proper as stated therein.

        5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that

plaintiff demands a trial by jury as stated therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint concerning plaintiff's citizenship and residences and deny the remainder of the allegations in paragraph "6" of the complaint.

7.    Defendants deny the allegations contained in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation and has a Department of Correction.

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that on June 8, 2006 Martin Horn was the Commissioner of DOC and that plaintiff purports to bring this action against him as stated therein; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of paragraph "8" of the amended complaint; and state the remainder of the allegations set forth in paragraph "8" of the amended complaint constitute conclusions of law rather than averments of fact to which no response is required, and that to the extent a response is required, defendants deny these allegations.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that on June 8, 2006 Carolyn Thomas was the Chief of Department of DOC and that plaintiff purports to bring this action against him as stated therein; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of paragraph "9" of the amended complaint; and state the remainder of the allegations set forth in paragraph "9" of the amended complaint constitute conclusions of law rather than averments of fact, to which no response is required, and that to the extent a response is required, defendants deny these allegations.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that on June 8, 2006 Richard R. White was the Deputy Chief of Department of DOC and that plaintiff purports to bring this action against him as stated therein; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph "10" of the amended complaint; and state the remainder of the allegations set forth in paragraph "10" of the amended

complaint constitute conclusions of law rather than averments of fact to which no response is required, and that to the extent a response is required, defendants deny these allegations.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that on June 8, 2006 Mark Daniels was employed by DOC, and further state that the allegations set forth in paragraph "11" of the complaint concerning whether Mark Daniels acted under color of law and as an officer, agent, servant and employees of the City constitute conclusions of law rather than averments of fact and accordingly no response is required.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that on June 8, 2006 Lawrence Bradford was employed by DOC, and further state that the allegations set forth in paragraph "12" of the complaint concerning whether Lawrence Bradford acted under color of law and as an officer, agent, servant and employees of the City constitute conclusions of law rather than averments of fact and accordingly no response is required.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that on June 8, 2006 Bruce Boyd was employed by DOC, and further state that the allegations set forth in paragraph "13" of the complaint concerning whether Bruce Boyd acted under color of law and as an officer, agent, servant and employees of the City constitute conclusions of law rather than averments of fact and accordingly no response is required.

14.    Deny the allegations set forth in paragraph "14" of the complaint, except admit that on June 8, 2006 Anthony Turner was employed by DOC, and further state that the allegations set forth in paragraph "14" of the complaint concerning whether Anthony Turner acted under color of law and as an officer, agent, servant and employees of the City constitute conclusions of law rather than averments of fact and accordingly no response is required.

15.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that on June 8, 2006 Jeffrey Redondo was employed by DOC, and further state that the allegations set forth in paragraph "15" of the complaint concerning whether Jeffrey Redondo acted under color of law and as an

officer, agent, servant and employees of the City constitute conclusions of law rather than averments of fact and accordingly no response is required.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    The statement contained in paragraph "17" is not an averment of fact requiring a response.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, and respectfully refer the Court to the authority cited by plaintiff for the contents thereof.

20. Deny the allegations set forth in paragraph "20" of the complaint, and respectfully refer the Court to the authority cited by plaintiff for the contents thereof.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that Scott was in a housing area and ESU conducted a search on June 8, 2006.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admit that admit that certain inmates were instructed to form a line and deny that defendant Mr. Scott complied with instructions.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, deny that defendant Mr. Scott complied with instructions.

30. Admit the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny allegations set forth in paragraph "36" of the complaint, except admit that Scott was told not to resist.

37. Deny allegations set forth in paragraph "37" of the complaint, except admit Scott was sprayed with a chemical agent.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Admit the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "45" of the complaint.

45. Deny the allegations set forth in paragraph "46" of the complaint.

46. Deny the allegations set forth in paragraph "47" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint, except admits that the New York City Office of the Comptroller received a notice of claim purportedly signed by Maurice Scott.

48.    Deny the allegations set forth in paragraph "48" of the complaint, except admits that the New York City Office of the Comptroller received a notice of claim purportedly signed by Maurice Scott and that no settlement has been reached.

49. Deny the truth of the allegations set forth in paragraph "49" of the complaint, and respectfully refer the Court to the Court's docket concerning when this action was filed with the Court.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.    Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

60.    Deny the allegations set forth in paragraph "60" of the complaint.

61.    Deny the allegations set forth in paragraph "61" of the complaint.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

65.    Deny the allegations set forth in paragraph "65" of the complaint.

66.    Deny the allegations set forth in paragraph "66" of the complaint.

67.    Deny the allegations set forth in paragraph "67" of the complaint.

68.    Deny the allegations set forth in paragraph "68" of the complaint.

69.    Deny the allegations set forth in paragraph "69" of the complaint

### <u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE:</u>

70.    The complaint fails to state a claim upon which relief can be granted.

### <u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE:</u>

71.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### <u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE:</u>

72.    Any injury alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

74.    At all times relevant to the acts alleged in the complaint, Defendants City of New York's agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

75.    Punitive damages cannot be recovered from the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

76.    Plaintiff has not complied with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

77.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

78.    At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

79.     Plaintiff provoked any incident alleged in the amended complaint.

**WHEREFORE,** defendants request judgment dismissing the complaint in their entirety,

together with the costs and disbursements of this action, and such other and further relief as the Court

may deem just and proper.

Dated:       New York, New York
             August 6, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of
                                    the City of New York
                                    Attorney for defendants City of New York,
                                    Martin F. Horn, Carolyn Thomas, Richard R.
                                    White, Mark Daniels, Lawrence Bradford, Bruce
                                    Boyd and Jeffrey Redondo
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-1300

                        By:     _____

                                    LISA RABINOWITZ (LR 7946)